# Hepburn's Appeal.

1. A wife and husband conveyed her property to a trustee to sell her real estate, collect claims due her, and invest the proceeds in his discretion in real or personal estate or as she should direct and appropriate them to her "sole and separate use" during life, if the interest should not be sufficient for her "comfort and convenience," the trustee might appropriate any or all of the principal for that purpose, she to dispose of the fund by will, but if she died without a will, the trustee to "pay the fund or convey the same if it be real estate" to her "heirs at law who shall be living at her death or

[Hepburn's Appeal.]

the heirs of such as shall be dead, such heirs representing" their parent. *Held*, that on the death of the husband the wife was entitled to the fund absolutely.

2. The restrictions of the trust related only to the wife's coverture.

3. The heirs were not purchasers under the terms of the trust.

4. The real estate was sold by order of the court under the Act of April 18th 1853 (Price Act). The conversion did not change the rights of the wife.

5. The court below ordered the trustee who contested the widow's claim to pay the costs. It being the duty of the court below to dispose of the costs as they might think right, the Supreme Court would not reverse the order unless error should be made to appear.

May 11th 1870. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Appeal from the decree of the Court of Common Pleas of *Cumberland county*: No. 110, to May Term 1870.

The proceedings in this case commenced by the petition of Anna R. Burns, the widow of R. K. Burns, setting forth that Samuel Hepburn had been in the lifetime of her husband her trustee, and as such received the sum of $2355.84; that the object of the trust no longer existed, and praying for a citation to the trustee to show cause why the trust fund should not be paid to her. The trustee filed an answer, setting forth the terms of the trust, &c. The case was heard on bill and answer; and will be found fully stated in the opinion of Judge Graham, delivered February 15th 1870, as follows:

"This case arises under the following circumstances: Mrs. Ann Rebecca Burns, formerly Showalter, owned certain real and personal property in Virginia, coming from the estates of her father, Joseph Showalter, her mother and her brother, Dritt Showalter, all deceased. The petitioner was married to Rufus K. Burns, and after their marriage, to wit, on the 22d May 1844, they executed a deed to John Fishburn, particularly describing the real and personal property of Mrs. Burns, and conveying the same to the said John Fishburn, now deceased. In the deed to John Fishburn the following trusts are declared:—

"'In trust that the said John Fishburn shall and will sell and convey the said two tracts of land at such time and to such person or persons, and for such price as he shall deem just and proper, and will best promote the object of this trust, and that he will collect the money and claims so due and owing to the said R. K. Burns and Anna Rebecca his wife, in the right of the said Anna Rebecca, by any and all of the person or persons or others hereinbefore mentioned; and when the said real estate shall be thus sold and the money thus collected, that he, the said John Fishburn, shall put the same in some safe stock, loan, fund or other real estate, as he, in his discretion, shall think will best promote the object of this trust, or as the said Anna Rebecca shall direct;

and shall, after paying the expenses of executing this trust, appropriate the net proceeds to the sole and separate use of the said Anna Rebecca Burns for and during her natural life ; and if the interest of the fund thus invested, or the proceeds of the real estate thus purchased, shall not, in the opinion of the said John Fishburn, or his successors in the execution of the said trust, be sufficient for the convenience and comfort of the said Anna Rebecca, he, the said trustee, may, in his discretion, appropriate any part or the whole of the said money so to be collected from the estate of Joseph Showalter, deceased, or Elizabeth Showalter, or from Dritt Showalter, to and for that purpose.  And in further trust, that he will permit the said Anna Rebecca Burns to have, use and enjoy the said household furniture and plate for and during her natural life ; and that she, the said Anna Rebecca Burns, shall have the right and privilege by her last will and testament, duly authenticated, to devise, bequeath and dispose of the whole of the said fund hereby conveyed and assigned to the said John Fishburn, as the same shall be vested at the time when the said will shall take effect, whether it be then real or personal property; and if the said Anna Rebecca Burns shall die without duly executing any last will and testament, then in further trust and confidence, that he, the said John Fishburn, or his successor in the said trust, shall and do pay the whole of said fund, or convey the same, if it be real estate, to the heirs at law of the said Anna Rebecca Burns, who shall be living at the time of her death, or the heirs of such as shall be dead; such heirs representing his, her or their parent."

" John Fishburn, the aforesaid trustee, purchased certain real estate in Cumberland county, in pursuance of the aforesaid trust. After the death of Fishburn, upon the petition of R. K. Burns and Anna Rebecca Burns his wife, Hon. Samuel Hepburn was appointed trustee by the court, and upon his petition, in which R. K. Burns and wife joined, said real estate was sold by order of court, and the purchase-money received by the said Hon. Samuel Hepburn, trustee as aforesaid.

" Rufus K. Burns, the husband of Anna Rebecca Burns, died the 5th of November 1866 ; and on the 13th February 1869, the said Anna Rebecca Burns presented her petition to the court, representing that her said husband, R. K. Burns, was dead ; that she remained a widow, and asking that a citation be awarded to the said Hon. Samuel Hepburn, trustee as aforesaid, to show cause why the said trust should not be annulled and determined, and the trust fund in his hands paid over to the petitioner.

" The answer of the trustee denies that the object of the trust no longer exists and that the trust is determined, and further denies that the petitioner has a right to the entire control and disposal of the fund.

[Hepburn's Appeal.]

"This trust deed of 22d May 1844 was executed by Mrs. Burns during coverture; it recites a marriage agreement between her and her husband before marriage respecting her property. This ante-nuptial agreement is not produced, nor is there any evidence of it, except the recital in the deed of trust to John Fishburn. A deed of trust executed by a married woman would be of doubtful validity, although binding on her husband, and would be enforced against him for the benefit and protection of the wife. But when the object is to protect the property of the wife from the husband, to secure it during coverture, and when the whole profit is given to the said wife during her life, with power to dispose of it by will, and if she die intestate it is to go to her heirs or representatives; this indicates an absolute estate, and the court will declare the trust terminated upon the death of the husband. * * *

"The trust in this case being created by Mrs. Burns of her own estate, derived from her deceased father and brother, for her sole and separate use, was for the purpose of protecting it from her husband, for she reserved the power of disposing of it by will, and if she died intestate, then it was to pass to her heirs at law or next of kin, as the same might be real or personal estate. On the death of her husband the purpose of the trust was fulfilled and the trust terminated, and she was clearly entitled to the possession and use of the entire fund.

"And now, 15th February 1870, it is ordered, adjudged and decreed that Hon. Samuel Hepburn, trustee, pay to Anna Rebecca Burns, the petitioner, the balance of the trust fund in his hands, and the costs of this proceeding."

The trustee appealed to the Supreme Court, and assigned for error:—

1. Decreeing that the trust fund should be paid over to Mrs. A. R. Burns.

2. Directing appellant to pay all the costs of this proceeding.

*S. Hepburn, Jr.,* and *W. H. Miller,* for appellant, cited Crosly *v.* Davis, 4 Penna. L. J. 193; Acts of April 25th 1850, § 11, Pamph. L. 571, May 3d 1855, § 5, Pamph. L. 416, Purd. 974, 975, pl. 56, 57; Lancaster *v.* Dolan, 1 Rawle 231; Rife *v.* Geyer, 9 P. F. Smith 393.

*L. J. W. Foulke, M. C. Hernan* and *W. M. Penrose,* for appellee, cited Harrison *v.* Brolaskey, 8 Harris 300; Freyvogle *v.* Hughes, 6 P. F. Smith 228; Ellmaker *v.* Ellmaker, 4 Watts 89; Hileman *v.* Bouslaugh, 1 Harris 344; Dodson *v.* Ball, 10 P. F. Smith 492. As to costs: Coleman *v.* Ross, 10 Wright 180.

[Hepburn's Appeal.]

The opinion of the court was delivered, October 20th 1870, by
THOMPSON, C. J.—The facts bring this case so certainly within
the principles of Freyvogle *v.* Hughes, 6 P. F. Smith 228, and
Dodson *v.* Ball, 10 Id. 492, that we need do little more than refer
to them as authority for our conclusions in it.   The trust men-
tioned was of the wife's sole estate existing before marriage, and
its purpose was manifestly for the purpose of freeing it from all
dominion and control of her husband during life, and giving to
her the issues and profits to her own separate use, with power to
devise it, notwithstanding coverture, to whom she pleased, and on
failure so to do, that it should go to her heirs.  These restrictions
had reference only to a state of *coverture;* when that ceased they
ceased, for there was no other purpose in law existing for their
continuance.   They came into existence to protect her rights of
property during coverture not to extinguish them, and when the
purpose was subserved her control necessarily revived.  By opera-
tion of law her legal and equitable titles were united; there was
nothing to keep them apart.   There are innumerable decisions to
this effect.   The heirs were not purchasers under the terms of the
trust; they would in any event only take this through the cestui
que trust, and not by title paramount.  There was nothing in any
of the proceedings substituting the appellant for the original
trustee, or in the decree for the sale of the real estate, which in
the least change the relation of the cestui que trust to the trust
estates.   If the duties of the trustee were in any respect changed
by the conversion of the property into money, her rights were not
and could not be.   The Act of Assembly, under which the sale
was ordered, carefully provides that no change in the rights of a
cestui que trust shall result from any change in the nature of the
property.   The court below was certainly right in decreeing in
favor of the appellee, Mrs. Burns, as to the trust-money in the
hands of the appellant.   The proceedings in the case being in
equity, it was the duty of the court to dispose of the costs as it
might deem right.   As there is nothing to show that this was not
done, we have nothing to correct—we cannot presume against the
accuracy of the court in a proceeding in equity any more than in
a judgment at law; the error must be made to appear, and that
was not the case here.   Seeing nothing to change, alter or correct,
we must affirm the decree of the court in this case.

Decree affirmed, and appeal dismissed at the costs of
the appellant.